THOMAS, Justice.
No question is presented here about the compensation ordered by the Deputy Commissioner to.be paid claimant; at this late stage of the litigation the claimant, the carrier and the employer are not concerned over the outcome of this review.' Nor is there any contest over the total fee for the services of claimant’s counsel. We deal only with the manner in which the fee allowed for such services has been or should be divided.
For the sake of brevity, we will refer to the injured employee as Waldrop, the petitioner-attorney as Spisak and the respondent-attorney as Schroll.
The first item in the file is a letter dated 7 October 1959 from Spisak to Florida Industrial Commission stating that he had been retained by Waldrop to help him establish a claim and secure compensation for an injury he suffered during employment.
Nineteen days later the Deputy Commissioner served, notice, that there would be a hearingi22 December 1959 at which the parties, should, have all witnesses present so that the merits of the claim could be determined. Qn the notice Spisak was listed as Waldrop’s attorney.
On 25 November 1959 the attorney for the carrier formally notified Spisak as representative of the claimant that depositions would be taken the 14th of the following month, and on the same day counsel for the carrier requested Spisak by letter to have the claimant appear before a physician in anticipation of the final hearing which had already been set. Then on 2 December Schroll propounded interrogatories to the. émployer. '
At the hearing, on, 22 December Schroll was listed'as counsel- for the claimant, but the Deputy" Commissioner noted in his order of 22 January 1960, fixing the -amounts of compensation and temporary attorneys’ fees, that the claimant was- represented by Spisak and Schroll.
Later Spisak, as well as Schroll, in claimant’s behalf, dealt .with the Vocational Rehabilitation Department of Florida Industrial Commission- and with the Commission itself. On 12 August 1960 the matter carné on to be heard “[t]o determine'loss of wage earning capacity, attorney’s fees” and -so on. The notice- was given both to Spisak *229 and Schroll. That very day Waldrop wrote the Deputy Commissioner that a dispute had arisen between Schroll and Spisak about which one was representing- him. He stated that he had originally employed Spisak and Spisak had “called * * * Schroll in on the case.” He then said that he wished Schroll to continue handling the matter as Schroll had represented him in all hearings and the taking of all depositions. He concluded with the admonition that the letter was not to be construed in any way as a reflection on Spisak.
Subsequently, 7 October 1960, the Deputy Commissioner conducted a hearing evidently for the purpose of determining what fee should be allowed by him and how it should be apportioned inasmuch as both Spisak and Schroll had participated in the representation of Waldrop. It is noteworthy that Spisak was not present at this hearing.
At the outset the Deputy Commissioner announced that the total fee for services to Waldrop would be $4500 based on affidavits presented to him, exclusive of $300, the amount of temporary fee already awarded. It appeared from the statements of Schroll and the attorney for the carrier, who was also present but disclaimed any interest in the investigation so far as distribution of the fee was concerned, that Spisak filed the claim then Schroll took over at Spisak’s invitation. In any event Schroll seems to have performed most of the services although Spisak was present at all hearings save one.
According to one statement by Schroll he was “associated” and according to another the claim was “referred” to him although he said Spisak denied the latter.
Following this hearing which more nearly resembled a conference among Schroll, the carrier’s lawyer, and the Deputy Commissioner, the Deputy entered his final order. We deal only with that port of it which referred to the attorney’s fee. He found that the' claimant had been represented by both attorneys, Schroll, who rendered all services before the Deputy, and Spisak, who appeared at all hearings except one but did not actively participate although he had filed the claim. He decided that Schroll was entitled to a fee of $3000 and Spisak to a fee of $1500, it having been “found that $4500 [was] a. reasonable attorney’s fee for the ■ opm-bined legal services rendered on behalf,of Claimant.”
We are convinced that the Deputy ear-' nestly undertook tó divide' the fee as he thought it should be done but we are not advised by what authority he could estimate the relative value of the services. There is no evidence before us of any stipulation that he do so, nor is there any showing of any arrangement between Spisak and Schroll for division of any fee eventually fixe>d. It is deducible that Spi-sak because of his unfamiliarity with the procedure in compensation cases associated Schroll, and that Schroll, doubtless more conversant with the presentation of such claims, conducted the case to final hearing.
The statute on the subject, Sec. 440.34(1), gives us little assistance because a situation such as the present one was probably not anticipated by the legislature when the law was enacted. It provides that if a claim is contested or the carrier or employer declines payment, and “the injured person shall have employed an attorney at law in the successful prosecution of his claim, there shall * * * be awarded reasonable attorney’s fee * * * which may be paid direct to the attorney for the claimant in a lump sum.” The singular is used and there is no inkling what should be done when two or more attorneys represent a claimant and they not only fail to agree on a division of the fee, or the manner in which the fee should be distributed, but get into a bicker about it.
*230 Although we commend the Deputy for his effort to determine this aspect of the matter, we can only conclude that he should have stopped once he decided that the value of services to Waldrop was $4500 and should then have left Spisak and Schroll to their own devices.
We realize that this decision may, in this case, invite further argument or even litigation, but we feel that a contrary ruling might result in all sorts of complications which a Deputy Commissioner is not by the act empowered to resolve. In any event, this decision will serve as notice that in future cases when more than one attorney represents a claimant, the attorneys should have an arrangement for sharing the “fee” sufficiently clear that each will be secured in his portion.
Accordingly, the order of the Full Commission and of the Deputy Commissioner in respect of the division of attorneys’ fees be and they are quashed.
TERRELL, HOBSON and DREW, JJ., concur.
ROBERTS, C. J., dissents.