PER CURIAM.
We review by writ of certiorari to the Industrial Relations Commission its af-firmance of a Judge of Industrial Claims’ order disallowing a fee claim of an attorney formerly representing a workmen’s compensation claimant.
From the order of the Industrial Relations Commission, it appears as follows: Claimant employee, Miguel Angel Lopez’s knee was injured in an industrial accident on August 16, 1969. Although he was medically treated, his knee gave him continuing trouble. An orthopedic physician advised concerning surgery “that an ar-throtomy and probably a medial meniscec-tomy should be performed.” Claimant’s *2 first attorney, Ciment, filed claim on August 29, 1969, for remedial care, temporary total and temporary partial disability, permanent total or permanent partial disability, transportation and drug expenses, penalties and attorney’s fees. Attorney Kneale, who was employed by claimant when Ciment became a Judge of Industrial Claims, alleges he requested employer-carrier to provide operative care for claimant. Shortly after his request, a letter was sent him by Attorney Gallagher signed by claimant informing Kneale he had misrepresented claimant and discharged him as claimant’s attorney and that claimant had employed Gallagher to represent him instead. Kneale at that time notified the JIC of his claim for attorney’s fees, contending he had secured compensation benefits for claimant.
At a hearing on Kneale’s claim for a fee, neither the carrier nor Attorney Gallagher (claimant’s new attorney) appeared. The JIC dismissed the claim for lack of timely prosecution without prejudice.
Kneale again notified the carrier, Attorney Gallagher, and the JIC of his fee claim and requested notification of all parties of any further proceedings in claimant’s compensation case.
At this point carrier and claimant, along with his then attorney, Gallagher, filed without Kneale’s knowledge, a “washout petition” under F.S. Section 440.20(10), F. S.A. The JIC approved the petition on June 12, 1970.
Kneale made another demand upon carrier for payment of his fee claim and filed a new claim for same on September 19, 1970. This claim came on for hearing and the JIC dismissed it “for lack of jurisdiction” relying on Waldrop v. Miller Moderns, Fla.1961, 136 So.2d 227. On appeal the IRC affirmed. However, its order goes on at some length to point out that the Commission considers the decision in Waldrop is erroneous and should be receded from.
Among the reasons given by the Commission for believing the Waldrop decision erroneous is that the Court as then constituted improperly stressed the fact F.S. Section 440.34(1), F.S.A., only allows a single fee, regardless of whether claimant changes attorneys and requires contesting attorneys to litigate in circuit court their pro-rata claims.
The Commission takes issue with Wald-rop that a Deputy Commissioner is not empowered by the Workmen’s Compensation Act to resolve a dispute as to division of attorneys’ fees.
The Commission points out F.S. Section 440.34(1), F.S.A., provides fees “may be paid direct” to legal counsel and that “fees shall be in addition to the compensation paid the claimant.”
The Commission cites later cases which it contends modify Waldrop, viz., Fireman’s Fund Ins. Co. v. Rich, Fla., 220 So.2d 369, and John Gaul Construction Company v. Harbin, Fla., 247 So.2d 33.
Our study of this case and the applicable law lead us to conclude that the Judge of Industrial Claims has jurisdiction to determine Attorney Kneale’s claim for a fee. The question is one that lies within the administrative jurisdiction provided by the Workmen’s Compensation Act. We recede from Waldrop and agree with the Industrial Commission that later cases indicate disputes of the kind here involved should be decided in the workmen’s compensation forum rather than in the circuit court. This serves to expedite their decision and avoid extra litigation expense.
It is directed that on remand further proceedings be had in conformity herewith.
It is so ordered.
ERVIN, Acting C. J., and CARLTON, ADKINS, BOYD and McCAIN, JJ., concur.