PER CURIAM.
In this workmen’s compensation case the Judge of Industrial Claims awarded a joint attorney’s fee of $9,700 for the services of the claimant, Leo C. Sardella’s, attorneys, Irving J. Whitman and Gerald Shapiro. Whitman represented claimant originally, but was replaced by Shapiro. There is a dispute between Whitman and Shapiro as to their respective shares, if any, in the awarded fee of $9,700. At one point in the cause the Industrial Relations Commission, by its order of February 12, 1971, remanded the cause for a determination by the Judge of Industrial Claims of the value of the respective legal services rendered by the two attorneys in the case. The joint award of $9,700 followed, but without a determination of the respective shares of the two attorneys, if any.
The essential question posed in this case is a determination of the value of the respective shares of the two attorneys in the awarded fee since there is an irreconcilable dispute as to the division, and whether the issue should be resolved by the Judge of Industrial Claims, subject to review by the Industrial Relations Commission, or by the Circuit Court.
We have just recently, in the case of Lopez, et al., v. Airlift International Incorporated, et al., Fla., 270 So.2d 1, 1972, agreed with the Industrial Relations Commission that the case of Waldrop v. Miller Moderns, Fla.1961, 136 So.2d 227, should be receded from and disputed issues regarding division of attorneys’ fees in cases of this kind should be resolved in the administrative forum of the workmen’s compensation act.
From a practical standpoint the Industrial Relations Commission and its Judges of Industrial Claims have first-hand knowledge and expertise gained from the flow of litigation in compensation cases as to the value of attorneys’ fees and are in a better position to settle disputes of this kind expeditiously and with less expense than can the Circuit Court in new litigation to resolve the same.
Therefore, the orders below are reversed and the cause is remanded for further *370 proceedmgs in accord with the rationale of Lopez, et al., v. Airlift International Incorporated, et ah, supra.
It is so ordered.
CARLTON, C. J., and ROBERTS, ERVIN, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.