293 So.2d 751 (1974)
Jose R. MENENDEZ, Appellant,
v.
KEY WEST NEWSPAPER CORPORATION, a Florida Corporation, Appellee.
No. 73-1270.
District Court of Appeal of Florida, Third District.
May 7, 1974.
Quinn & Payne, Key West, for appellant.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, and W. Sam Holland, Miami, for appellee.
Before PEARSON, CARROLL and HENDRY, JJ.
PER CURIAM.
Appellant, plaintiff in the trial court, seeks review of an adverse summary judgment in an action for libel. We affirm.
The appellant was a candidate for reelection to the Key West City Commission in 1971. On October 31, 1971 and November 1, 1971, just prior to the primary election, the Key West Citizen, a local Newspaper, published two advertisements concerning the appellant. On November 14, 1971, two days prior to the run-off election, the Citizen again published an advertisement about Menendez. These ads were signed by named defendants, Jose Cabaleiro *752 and Alice Williams, a/k/a Alicia Brito. In essence, the ads charged that Menendez was apparently un-American and that he displayed pro-Castro Communist allegiance. Menendez lost his bid for re-election.
Thereafter, he filed suit against the appellee, the Key West Newspaper Corporation, which publishes the Citizen, Cabaleiro, and Alice Williams, a/k/a Alicia Brito for libel, seeking $250,000 in compensatory damages and $500,000 in punitive damages. After consideration of the pleadings, affidavits, depositions and briefs filed, the trial court rendered summary judgment in favor of the appellee. Previously, the court had granted a motion to dismiss filed by Cabaleiro and denied a motion to dismiss filed by Alice Williams.
Appellant's sole point on appeal is that the trial court erred by entry of a summary judgment because a jury should determine if the Citizen published the advertisements in question knowing the charges contained therein to be false or with reckless disregard of the truth or falsity of the charges.
The landmark case of New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) established the rule that unless a public official can demonstrate clearly and convincingly that an alleged libelous publication was made with actual malice and that the publisher entertained serious doubt with respect to the truth of the publication, the constitutional safeguards surrounding freedom of the press require an adverse judgment. See also, St. Amant v. Thompson, 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968); Ocala Star-Banner Co. v. Damron, 401 U.S. 295, 28 L.Ed.2d 57, 91 S.Ct. 628 (1971); Damron v. Ocala Star-Banner Co., Fla. App. 1972, 263 So.2d 291.
It also has been held that in cases of this nature, which involve the First Amendment area and where the issue is recklessness employed in the publication of alleged false and libelous information, that summary judgments should be more liberally granted. Washington Post Co. v. Keogh, 125 U.S.App.D.C. 32, 365 F.2d 965 (1966), cert. denied, 385 U.S. 1011, 17 L.Ed.2d 548, 87 S.Ct. 708 (1967).
We have reviewed the record on appeal, and have concluded that the trial court's determination that there existed no genuine issue of material fact was correct. Therefore, entry of summary judgment was proper.
For the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.