382 So.2d 347 (1980)
GADSDEN COUNTY TIMES INCORPORATED, Timothy O. Matthew, Collins Conner, and Creston Nelson-Morrill, Petitioners,
v.
Mallory E. HORNE, Respondent.
No. TT-211.
District Court of Appeal of Florida, First District.
March 11, 1980.
On Rehearing April 22, 1980.
*348 Sidney L. Matthew, Tallahassee, for petitioners.
Mallory E. Horne, Tallahassee, pro se.
LARRY G. SMITH, Judge.
This case is before this court on petition for common law certiorari. Petitioners, Gadsden County Times Incorporated, Timothy O. Matthew, Collins Conner, and Creston Nelson-Morrill, are the defendants in a libel suit filed by respondent-plaintiff, Mallory E. Horne. The trial judge denied petitioners' motion for partial summary judgment in which petitioners requested an order adjudging plaintiff to be a "public figure", so as to make applicable in the libel suit the "actual malice" standard of proof required by New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). We deny the petition on jurisdictional grounds.
Petitioners contend that they are entitled to a ruling by this court holding plaintiff is a public figure as a matter of law. They assert that the trial judge's failure to so order (1) has a "chilling effect" upon their exercise of First Amendment rights, since petitioners are thereby left uncertain whether plaintiff is a "public figure", or a "private person", which in turn requires petitioners to exercise self-restraint in publishing further news stories concerning plaintiff pending litigation of the libel suit; and (2) their uncertainty as to plaintiff's status further motivates self-imposed prior restraints in publishing news articles concerning plaintiff, because of their reluctance to provide further material which plaintiff might later use against them in attempting to prove his case.
Appellate review of interlocutory orders by certiorari is a remedy available in a restricted category of cases. Certiorari will be granted only in cases in which it clearly appears that there is no full, adequate and complete remedy available to the petitioner by appeal after final judgment, as where (a) the trial court has acted without or in excess of its jurisdiction, or (b) its order does not conform to the essential requirements of law and may cause material injury throughout subsequent proceedings for which the remedy by appeal will be inadequate. Pullman Company v. Fleishel, 101 So.2d 188 (Fla. 1st DCA 1958); Tallahassee Democrat v. Pogue, 280 So.2d 512 (Fla. 1st DCA 1973); and West Volusia Hospital Authority v. Williams, 308 So.2d 634 (Fla. 1st DCA 1975). As a general rule the burden, vexation, or hazard of defending litigation does not furnish a basis for certiorari intervention by the appellate courts. Such burdens are "one of the hazards of living and doing business under a system of free enterprise in which one who conceives himself to be injured is privileged to seek redress in a court of law". Pullman Company v. Fleishel, supra, at 190.
Petitioners' claims that the free exercise of their First Amendment rights is jeopardized by their self-imposed prior restraints on further news publications about plaintiff during trial do not, in our opinion, reach the level of material injury required for certiorari intervention. Petitioners cite no case, state or federal, in which these claims have formed the basis for the exercise of common law certiorari jurisdiction. They rely heavily upon federal cases, citing Time, Inc. v. McLaney, 406 F.2d 565 (5th Cir.1969); Dacey v. Florida Bar, Inc., 427 F.2d 1292 (5th Cir.1970); and Time, Inc. v. Ragano, 427 F.2d 219 (5th Cir.1970), among others. In these cases the court reviewed interlocutory orders, in libel cases, denying defense motions for summary judgment. However, although the principles governing these decisions have been considered, we do not view them as controlling authority on the issue presented to this court. First, the jurisdictional vehicle in these federal cases was not certiorari, but interlocutory appeal, pursuant to provisions of 28 U.S.C.A., § 1292(b), effective 1958. The Code permits interlocutory appeal of certain rulings, including denial of summary judgment, where the trial judge certifies: (1) That the interlocutory order involves a controlling question of law as to which there is substantial grounds for difference of opinion, and (2) immediate appeal from the order *349 may materially advance the ultimate determination of the litigation. The court of appeals then may in its discretion, permit an appeal. See Time, Inc. v. McLaney, supra, at 566.
A second reason why we do not find the cases cited controlling is based upon a fundamental difference in the posture of this case, as compared to those cited by petitioners. In the instant case, a favorable ruling on the "public figure" issue would not dispose of this litigation. In McLaney and the other cases cited the court had before it both the "public figure" issue and the "actual malice" issue, so that a ruling favorable to defendants on both issues would dispose of the litigation.[1] In McLaney, the court sounded a caveat, advising every unsuccessful litigant not to expect an interlocutory appeal from denial of a summary judgment, pointing out that First Amendment cases fall into a different category than the ordinary case, because of the possible impingement upon freedom of the press produced by actions for libel. Review of such cases would be favored, indicated the court, when a trial court and the court of appeals "jointly consider" that the failure to dismiss the libel suit might necessitate "long and expensive trial proceedings, which, if not really warranted, would themselves offend the principles enunciated in Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22, [(1965)] because of the chilling effect of such litigation" (McLaney, supra, at 566). Thus, the court reasoned, although the federal courts are reluctant to deprive litigants of a jury trial:
"... Where, however, it is plain that the record has been fully developed by depositions and affidavits on a motion for summary judgment, and such record demonstrates that, construing all of the facts and inferences to be drawn therefrom in favor of the party against whom the judgment is entered, he would not be entitled to have a jury verdict stand, we have not hesitated to hold that the grant of summary judgment is proper." (McLaney, supra, at 571-572).
As we interpret McLaney and the other federal cases cited, even under the special interlocutory appeal provisions applicable there, the important objective to be achieved is termination of unwarranted litigation. This objective obviously will not be accomplished here, even by a ruling favoring defendants, because the issue of "actual malice" would remain to be litigated in the trial court. Plaintiff would still be entitled to proceed, albeit under the "actual malice" standard of New York Times, rather than the negligence standard of Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), applicable to defamation actions by private citizens.
Moreover, we are not persuaded, particularly in the absence of what we may reasonably consider to be authority on the point, that petitioners' First Amendment freedom is threatened by its uncertainty whether, pending a ruling on the public figure issue, it must be guided by the negligence standard of care of Gertz v. Robert Welch, Inc., supra, or whether they may indulge their reportorial enterprise under the more protective cloak of the New York Times "actual malice" standard. Further, as for petitioners' argument that they fear to publish, lest they furnish additional grist for plaintiff's litigation mill, we do not feel that this is an argument seriously to be considered. First, there would seem to be an equal likelihood of some attempt by plaintiff to *350 use any future articles, if false and defamatory, whether he proceeds as a "public figure", or a "private person" in this litigation. Secondly, the argument itself calls for speculation as to what petitioners might or might not decide to do with respect to further publications, what the reaction of the plaintiff might be, and finally, what rulings might be made by the trial court on admissibility of any such future publications as evidence at the trial.
Therefore, without suggesting what our jurisdictional decision might be in a case fully developed on both the "public figure" and the "actual malice" issues, we resist the invitation in this case to intervene in the conduct of this litigation. We have confidence that the able trial judge, in due course, will appropriately and correctly dispose of all issues properly before him. We add only that, as petitioners urge, the determination of the plaintiff's status as a "public figure" or "private person" apparently is one for the trial judge to make, while the issues of "actual malice", or negligence are ordinarily jury issues.[2] See New York Times v. Sullivan, supra; Gertz v. Robert Welch, Inc., supra; Rosanova v. Playboy Enterprises, Inc., 411 F. Supp. 440 (S.D.Ga. 1976), affirmed 580 F.2d 859 (5th Cir.1978); Hoffman v. Washington Post Co., 433 F. Supp. 600 (D.C.D.C. 1977); and Belli v. Orlando Dailey Newspapers, Inc., 389 F.2d 579 (5th Cir.1967).
The petition for certiorari is denied.
McCORD and SHIVERS, JJ., concur.

ON PETITION FOR REHEARING
LARRY G. SMITH, Judge.
Petitioners' motion for rehearing calls our attention to an error in this court's opinion filed March 11, 1980 denying certiorari. The opinion (first paragraph) states:
"The trial judge denied petitioners' motion for partial summary judgment... ." (emphasis supplied). That sentence is corrected to read: "The trial judge denied petitioners' motion for summary judgment ...," etc. Petitioners correctly point out that their motion for summary judgment requested a "final summary judgment," and their memorandums of law filed in the trial court in support of the motion covered both the "public figure" and "actual malice" issues. The trial court's order denying the motion contains an explicit ruling only on the "public figure" issue, as indicated by the finding:
... this Court from an examination of this matter is of the opinion that the defendant has failed to establish that there is no genuine issue as to whether the plaintiff was a public figure at the time of the alleged libelous publication... . (Order on Motion for Summary Judgment)
It may be presumed, as petitioners suggest, that on account of the trial judge's failure to rule favorably to petitioners on the "public figure" issue, the trial judge did not find it necessary to reach the "actual malice" question. However, this is a matter for resolution in the trial court, and not at this stage of the proceeding.
It is unmistakable, however, that petitioners presented to this court only the "public figure" issue. Paragraph III of the Petition For Writ of Common Law Certiorari, filed by petitioners, states in its entirety:
III. NATURE OF THE RELIEF SOUGHT
Petitioners seek the issuance of a Writ of Common Law Certiorari quashing the Order of the trial judge and directing the trial judge to rule on the public figure *351 question or in the alternative this Court should enter an Order determining that Respondent is a public figure for purposes of this action.
Furthermore, petitioners' argument and citation of authorities was relevant only to the "public figure" issue, and the appendix obviously omitted portions of the record bearing on the "actual malice" question. Petitioners assert in their motion for rehearing, for the first time in this court, that the case is "fully developed" so as to present all issues for complete and final adjudication by this court. We are unable to agree on the basis of the showing made by petitioners at this juncture. We note also respondent's contention (Response To Petition For Rehearing) concerning pending discovery efforts, which in itself would indicate less than a fully developed record. See Commercial Bank of Kendall v. Heiman, 322 So.2d 564 (Fla. 3rd DCA 1975), and Falls Poultry Distributing Co. v. Canner, 372 So.2d 129 (Fla. 3rd DCA 1979).
We adhere to our opinion and decision, with the modification noted, denying certiorari.
McCORD and SHIVERS, JJ., CONCUR.
NOTES
[1] There is some indication that disposition of the "actual malice" issue by summary judgment may not be undertaken as freely as in the past. See Hutchinson v. Proxmire, 443 U.S. 111, 99 S.Ct. 2675, footnote 9, at 2680, 61 L.Ed.2d 411 (1979) reading in part:

"... The proof of `actual malice' calls a defendant's state of mind into question, New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), and does not readily lend itself to summary disposition. See 10 Wright & Miller, Federal Practice and Procedure § 2730, at 590-592. Cf. Herbert v. Lando, 441 U.S. 153, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979)... ."
See also Rolston v. Reader's Digest Association, Inc., 188 U.S.App.D.C. 185, 578 F.2d 427 (D.C. Cir.1978), reversed, 443 U.S. 157, 99 S.Ct. 2701, footnote 3, page 2704, 61 L.Ed.2d 450 (1979), citing Hutchinson v. Proxmire, supra, concerning propriety of summary judgments on the issue of "actual malice".
[2] Petitioners cite a Florida case, Menendez v. Key West Newspaper Corporation, 293 So.2d 751 (Fla. 3rd DCA 1974), where the court, relying upon Washington Post Co. v. Keogh, 125 U.S.App.D.C. 32, 365 F.2d 965 (1966), cert. den. 385 U.S. 1011, 87 S.Ct. 708, 17 L.Ed.2d 548 (1967), indicated that where the issue is "recklessness" employed in the publication of alleged false and libelous information, summary judgments should be more liberally granted. But see footnote number 1, relating to disposition of "actual malice" issues by summary judgment.