382 So.2d 1333 (1980)
TOTAL APPLIANCE REPAIRS AND Allstate Insurance Co., Appellants,
v.
Elliott NELSON, Appellee.
No. QQ-469.
District Court of Appeal of Florida, First District.
April 25, 1980.
K.P. Jones, Fort Lauderdale, for appellants.
Kevin A. Malone, of Krupnick & Campbell, Fort Lauderdale, for appellee.
WENTWORTH, Judge.
The employer/carrier appeals an order of a judge of industrial claims requiring payment of $900 damages to claimant/appellee. That amount was found to be due because claimant, in reliance on an oral contract with employer/carrier, paid a helper $150 weekly while receiving temporary disability compensation between the date of his retroactively determined maximum medical improvement on June 13, 1978, and the date on which the doctor first communicated that fact on August 4, 1978. The carrier unilaterally reclassified temporary benefits already paid and credited that amount against permanent disability compensation payable as of June 13, 1978.
Appellant contends 1) the judge did not have legal authority to enforce the contract by award of damages, and 2) there was no basis for an award of damages. We find the order for damages to be erroneous but conclude that the amount awarded should be affirmed in part for reasons other than those stated in the order. Escarra v. Winn Dixie Stores, 131 So.2d 483 (Fla. 1961); Croft v. Edwards, 353 So.2d 669 (Fla. 1st DCA 1978); Hester v. Gatlin, 332 So.2d 660 (Fla. 2d DCA 1976). We therefore remand with directions that the claim be granted to *1334 the extent that it was for reclassification of benefits and award of permanent disability benefits for the period in question.
The order on appeal finds:
The Claimant/Employee testified that on May 12, 1977, he suffered an injury to his arm and shoulders. After receiving approximately six weeks of temporary total benefits, the Claimant returned to work and worked at full time status until March, 1978. At that time, the Claimant/Employee was advised by his physicians that he could not continue with his employment unless he had a helper to assist him with the lifting and other heavy aspects of his job.
In March, 1978, the Employer, the Employer's Insurance Carrier, and the Claimant, entered into an agreement by which the Claimant/Employee would continue working at full pay, but would be required to pay for an assistant at the rate of $150.00 per week. The Claimant was also to receive $108.80 per week from the Compensation Carrier in the form of temporary partial benefits... .
In reliance on this contract, the Employee continued working for his Employer and paid the helper $150.00 per week.
If the Employer/Carrier had not entered into this agreement with the Employee, or if the Employee had immediately been notified of the change from temporary partial to permanent partial benefits, the Employee could have received permanent partial benefits and gone to another job where he could have received full salary without having to pay a helper.
The Court finds that as a result of his reliance on the contract with the Employer/Carrier, the Employee suffered a loss of $900.00 in the form of money paid by the Employee to his helper.
The authority to construe contracts has been repeatedly recognized under the statutory language vesting in the judge (now deputy) "full power and authority to hear and determine all questions in respect to such claims." § 440.25(1), Florida Statutes. See Sardella v. Champion Manufacturing Co., 273 So.2d 369 (Fla. 1973); Lopez v. Airlift International Inc., 270 So.2d 1 (Fla. 1972); Fireman's Fund Ins. Co. v. Rich, 220 So.2d 369 (Fla. 1969); Housknecht v. City of Dania, IRC Order 2-3276 (Nov. 15, 1977). But that authority has in each case been exercised for the purpose of determining some claim under the statute and not for determining damages for breach of contract per se, which damages in the present case also appear to be based on somewhat speculative evidence of claimant's alternative potential earning opportunities.
In any event, the claim on which the hearing was scheduled in this case was for reclassification of benefits. We conclude from examination of decisions on the point that, on the record evidence, the claim will support the award of benefits in addition to those voluntarily paid to claimant. See Schel v. City of Miami, 193 So.2d 170 (Fla. 1967); The Boeing Co. v. Bailey, IRC Order 2-3869 (July 30, 1979); Tampa Wholesale Co. v. Gores, IRC Order 2-3720 (Feb. 26, 1979); Perkins v. Heller Brothers Packing Corp., IRC Order 2-3542 (Sept. 20, 1978); Diplomat Hotel v. Badini, IRC Order 2-3494 (Aug. 2, 1978). Since the excess payment of temporary disability compensation in this case was not properly creditable against permanent partial disability compensation due upon maximum medical improvement, the claim for relief against appellant's unilateral action should have been granted, and permanent benefits awarded for the period in question.
The order is accordingly reversed in part and the cause remanded for further proceedings consistent herewith.
McCORD, J., concurs.
LARRY G. SMITH, J., concurs and dissents with opinion.
LARRY G. SMITH, J., concurring and dissenting.
I concur in the opinion except for that portion denying claimant the full benefit of the contract with his employer and the carrier.