404 So.2d 170 (1981)
U.S. HOME CORPORATION and Northwestern National Insurance Company, Appellants,
v.
Donald E. PARKER and Brent Schoch, Appellees.
No. WW-456.
District Court of Appeal of Florida, First District.
September 29, 1981.
*171 Robert Marvin Todd of Lyle & Skipper, St. Petersburg, for appellants.
Joseph V. Barrs, Tampa, for appellee Donald E. Parker.
Ronald E. Perez, Tampa, for appellee Brent Schoch.
THOMPSON, Judge.
The appellants challenge a workers' compensation Order, contending in part that the Deputy Commissioner ("the Deputy") had no authority to adjudicate the controversy between themselves and the appellee Brent Schoch. We agree and reverse.
U.S. Home Corporation ("U.S. Home") was the contractor for a building project, and it hired Mr. Schoch to perform work as a sub-contractor. The contract between U.S. Home and Mr. Schoch required Mr. Schoch to procure workers' compensation insurance. The contract also provided that Mr. Schoch would indemnify U.S. Home against all claims, including injuries to persons, arising out of work performed by Mr. Schoch.
Mr. Schoch hired the appellee Donald Parker ("the claimant") to perform work for the sub-contract. However, Mr. Schoch did not procure workers' compensation insurance, nor was he a qualified self-insured. The claimant suffered an on-the-job injury, and Mr. Schoch paid him $10,500. The claimant later brought a workers' compensation claim against Mr. Schoch who, in turn, filed with the Deputy a Petition for Contribution or Reimbursement from U.S. Home.
After a hearing, the Deputy found that pursuant to § 440.10(1), Fla. Stat. (1977), U.S. Home was responsible for the payment of compensation benefits. The Deputy proceeded to adjudicate the merits of the claim, and then he ruled that U.S. Home was entitled to take, as a credit against the compensation due, the $10,500 paid to the claimant by Mr. Schoch. As for the issues raised by Mr. Schoch's Petition for Contribution or Reimbursement, the Deputy declined to rule on these issues, noting that "there has not yet been a determination by a court of competent jurisdiction as to the validity of the [contract between U.S. Home and Mr. Schoch.]" No appeal was taken from this Order.
Approximately five months after the Deputy entered his Order, Mr. Schoch filed an Amended Petition for Contribution or Reimbursement. At a hearing on this Petition, the Deputy determined that U.S. Home's insurance carrier, the appellant Northwestern National ("Northwestern"), was required to reimburse Mr. Schoch the sum of $10,500. The Deputy found that Northwestern was not entitled to rely on the indemnity provision of the contract between U.S. Home and Mr. Schoch, because it was not a party to that agreement.
Initially, we note that in the Deputy's first Order, he specifically withheld ruling on the Petition for Contribution or Reimbursement until a court of competent jurisdiction ruled upon the validity of the contract. The Deputy then entered a second, contradictory Order, whereby he decided to determine the validity of the contract. This procedure was unorthodox, and in this case, erroneous.
There was no statutory authority for the Deputy to adjudicate the controversy between Northwestern and Mr. Schoch. We recognize that § 440.42(3), Fla. Stat. (1977), permits the Deputy to determine the responsibility of two or more carriers for the payment of workers' compensation benefits, in addition to ordering appropriate reimbursements by one carrier to another. However, the application of that statute would clearly require that Mr. Schoch be a "carrier," which is an entity or person who is authorized to insure an employer, or alternatively, a qualified self-insured. See § 440.02(7), Fla. Stat. (1977). No evidence was presented showing that Mr. Schoch is a carrier. Therefore, § 440.42(3), Fla. Stat. (1977) is inapplicable, and accordingly, the Deputy had no power to construe the contract in question. See, e.g., Total Appliance Repairs v. Nelson, 382 So.2d 1333, 1334 (Fla. 1st DCA 1980).
*172 The Deputy had no authority to enter his second Order, and that Order is reversed.
ROBERT P. SMITH, Jr., C.J., and JOANOS, J., concur.