407 So.2d 377 (1981)
TRW, INC. and Travelers Insurance Company, Appellants,
v.
Judy R. BETTS, Appellee.
No. AB-186.
District Court of Appeal of Florida, First District.
December 18, 1981.
Robert G. Brightman, Orlando, for appellants.
Donna L. Bergh of Walker, Buckmaster, Miller & Ketcham, Orlando, for appellee.
*378 PER CURIAM.
The issue on appeal in this case is whether the deputy commissioner erred in assuming jurisdiction to resolve a dispute over a provision in a group insurance contract. We agree with appellants' argument that the deputy was without jurisdiction and reverse.
While employed by TRW on June 14, 1978, some shelving fell on Betts while she was on the job. In July 1978 she developed a stiff neck and headaches. She reported these symptoms to her doctor, but initially she did not associate the June 14 accident with her symptoms. She was hospitalized from July 14 to July 20, 1978, and she did not return to work until January 3, 1979. Initially while claimant was absent from her job she received group insurance disability benefits. A total of $4,865.93 in group benefits was paid to the claimant. The group plan, to which claimant had made direct contributions from her salary, was provided by Traveler's, which was also the employer's worker's compensation carrier.
Sometime around Christmas 1978 claimant, in discussing her symptoms with a friend, linked the injury with the accident in which the shelving fell on her at work. She notified the employer of this relationship in April of 1979. A claim for worker's compensation benefits was submitted on July 10, 1979. A hearing was held on March 31, 1980, at which the employer/carrier took the position that there had been no compensable injury. The deputy ruled, however, that the injury was compensable, and the parties eventually entered into a lump sum agreement which the deputy commissioner approved by an order dated July 9, 1980.
In a letter to claimant dated June 24, 1980, a Mr. Lynch of Traveler's group insurance department requested repayment of the $4,865.93 which had been paid under the group insurance policy covering non-work related injuries, inasmuch as it had been determined that the injury was work related. Claimant's attorney requested a hearing before the deputy commissioner on the issue of whether the carrier was entitled to the $4,865.93 as an offset against worker's compensation benefits. At the hearing appellants' position was that neither the employer nor Traveler's as the worker's compensation carrier had requested an offset and the issue involved the interpretation of the group insurance policy provision as to non-work related injuries, therefore the deputy commissioner was without jurisdiction to resolve that issue. Nevertheless, in an order dated January 22, 1981, the deputy found that the carrier was not entitled to an offset because Mrs. Betts had personally paid for the group insurance disability benefits. The deputy noted that Mrs. Betts had been paid weekly and that certain medical deductions had been made from the disability benefits she had received.
We agree with appellant that the deputy commissioner was without jurisdiction to resolve the issue and that Jewel Tea Co. v. Florida Industrial Commission, 235 So.2d 289 (Fla. 1969), is distinguishable from the instant case. In Jewel Tea the claimant was injured on October 6, 1961. Three days later the employer informed claimant that the injury was not compensable. For thirty-nine weeks the claimant received $60.00 a week under a group insurance plan. On October 15, 1962, claimant filed a worker's compensation claim, and on November 10, 1962, the employer began paying benefits. The employer paid $747.00 to cover the period from July 6, 1962, to November 10, 1962, and continued to pay $42.00 a week for subsequent weeks. The jurisdictional issue arose because the employer contended it was entitled to credit for the group benefits which had been paid for thirty-nine weeks, i.e., from the date of the accident until July 1962. The Judge of Industrial Claims (JIC) found that claimant was temporarily totally disabled beginning on October 6, 1961, yet the JIC ordered that claimant was entitled to compensation after July 6, 1962, and no penalties were awarded. The JIC determined he lacked jurisdiction to rule on the question whether the employer was entitled to the credit it had taken for the group plan benefits. The Commission agreed, but the *379 Florida Supreme Court disagreed and held that the JIC did have jurisdiction. The benefits claimant had received were from a group plan to which employees contributed weekly from their salaries. The court said that as a result of the JIC's holding that he lacked jurisdiction, the employer obtained credit against its worker's compensation liability for payments made under the group plan, such a result being contrary to Section 440.21 which makes invalid any contribution by an employee to a worker's compensation fund. Whether the object was to reduce the group insurance benefits by the worker's compensation benefits or vice versa, said the court, the result violates the statute, and a claimant is entitled to worker's compensation benefits in addition to any benefits under an insurance plan to which he contributed.
The instant case differs significantly from Jewel Tea in that neither the employer nor Traveler's as a worker's compensation carrier requested the reimbursement as an offset against worker's compensation benefits. Traveler's requested reimbursement as the group insurance carrier pursuant to the terms of a separate group insurance policy. It was the claimant who applied for a hearing before the deputy commissioner on the matter after the lump sum settlement of the worker's compensation claim had been approved.
Although there are some similarities between the instant case and Jewel Tea, the fact remains that neither the employer nor the worker's compensation carrier requested credit against worker's compensation benefits and the resolution of the issue involved interpretation of a provision in the group insurance contract providing that the insurance was to cover non-work related injuries. The deputy was without statutory authority to construe this contract. Cf. U.S. Home Corp. v. Parker, 404 So.2d 170 (Fla. 1st DCA 1981), and Total Appliance Repairs v. Nelson, 382 So.2d 1333 (Fla. 1st DCA 1980). Therefore, we reverse the order of the deputy commissioner for lack of jurisdiction, without prejudice to the claimant to continue to assert her entitlement to full benefits in the appropriate forum.
Reversed.
ROBERT P. SMITH, Jr., C.J., and MILLS and SHIVERS, JJ., concur.