ON PETITION FOR WRIT OF CERTIORARI
WIGGINTON, Judge.
Kent Insurance Company has petitioned this Court for issuance of a writ of common law certiorari to review the non-final order of the deputy commissioner ruling: (1) that he had jurisdiction to determine an issue of insurance coverage; and (2) that there was coverage because no breach of the cooperation clause contained in the terms and conditions of the policy of insurance occurred on the part of the insured/employer. We have jurisdiction, United States Fidelity & Guaranty Co. v. Sloan, 410 So.2d 549, 550 n. 2 (Fla. 1st DCA 1982), but deny the petition.
The deputy commissioner has the power and authority “to hear and determine all questions” in respect to workers’ compensation claims. § 440.25(1), Fla.Stat.; Fireman’s Fund Insurance Company v. Rich, 220 So.2d 369, 371 (Fla.1969); International Piling, Inc. v. American National Fire Insurance Company, 345 So.2d 761 (Fla. 4th DCA 1977); Fidelity & Casualty Company of New York v. Scott, 390 So.2d 820 (Fla. 1st DCA 1980). That authority would include construction of contracts. Total Appliance Repairs v. Nelson, 382 So.2d 1333, 1334 (Fla. 1st DCA 1980).
This case is distinguishable from U.S. Home Corp. v. Parker, 404 So.2d 170 (Fla. 1st DCA 1981), and TRW, Inc. v. Betts, 407 So.2d 377 (Fla. 1st DCA 1981), cited by Kent. In Parker, the deputy adjudicated an independent indemnification controversy between the carrier and the employer. In Betts, the deputy resolved an issue involving interpretation of an insurance clause regarding nonwork-related injuries. In each case this Court held that the deputy was without jurisdiction as neither issue related to a Chapter 440 claim. In the instant case, however, the issue, whether there was a breach of the cooperation clause by the insured/employer, is relevant to the issue whether the Chapter 440 claim was covered by workers’ compensation insurance. Thus, the deputy having jurisdiction, the petition is denied insofar as it challenges his authority.
The remainder of the petition should also be denied as failing to demonstrate that Kent would not have an adequate remedy by appeal. Gadsden County Times, Inc. v. Horne, 382 So.2d 347 (Fla. 1st DCA 1980), petition for review denied, 389 So.2d 1109 (Fla.1980). Although Kent intimates that the deputy’s decision is not based on competent substantial evidence, it does not present any meaningful argument why it could not appeal the issue upon entry of a final order, other than the “irreparable harm” caused by Kent’s having to expend money and time to defend the insured. As a general rule, “the burden, vexation, or hazard of defending litigation does not furnish a basis for certiorari intervention.” Id.; see also Chalfonte Development Corp. v. Beaudoin, 370 So.2d 58 (Fla. 4th DCA 1979). Whether the deputy’s determination of coverage is based on competent substantial evidence is an issue to be properly raised on appeal.
Accordingly, the petition for common law certiorari is hereby DENIED.
MILLS and ERVIN, JJ., concur.