447 So.2d 906 (1984)
Roger R. NEWTON, Appellant,
v.
FLORIDA FREEDOM NEWSPAPERS, INC., D/B/a Panama City News-Herald, Appellee.
No. AT-425.
District Court of Appeal of Florida, First District.
March 2, 1984.
*907 Van P. Russell of Watkins & Russell, Apalachicola, for appellant.
John A. Bussian, III of Isler, Brown, Smoak, Harrison, Nabors & Bussian, Panama City, for appellee.
ERVIN, Chief Judge.
In this appeal from entry of summary judgment in favor of appellee, Florida Freedom Newspapers, Inc., in a public official libel case, appellant Newton, Mayor of the City of Apalachicola, contends summary judgment was improperly granted in that the record discloses the article in question was published with actual malice. We disagree and affirm.
Before a public official may prevail in a libel action against a media defendant he must prove, with convincing clarity, that the alleged defamatory falsehood was "made with `actual malice'  that is, with knowledge that it was false or with reckless disregard of whether it was false or not." New York Times Company v. Sullivan, 376 U.S. 254, 279-280, 84 S.Ct. 710, 725-726, 11 L.Ed.2d 686 (1964) (e.s.). That standard is satisfied only if there is "sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." St. Amant v. Thompson, 390 U.S. 727, 731, 88 S.Ct. 1323, 1325, 20 L.Ed.2d 262 (1968). Accord Times Publishing Company v. Huffstetler, 409 So.2d 112, 113 (Fla. 5th DCA 1982). Here, as in Huffstetler, the record fails to show that the alleged false statements in the article resulted from deliberate falsification or awareness of probable falsity. Instead, the article, which is substantially accurate, simply recounts testimony given at depositions in an unrelated criminal prosecution and any inaccuracies are of only "minor significance when the entire story is considered." 409 So.2d at 113.
Because summary judgment should be more liberally granted where, as in this case, the constitutional standard of "actual malice" applies, see Menendez v. Key West Newspaper Corporation, 293 So.2d 751, 752 (Fla. 3d DCA 1974), we are unable to say, given the record before us, that the trial court erred in granting summary judgment.
AFFIRMED.
ZEHMER, J., concurs.
BOOTH, J., dissents without written opinion.