## TEBAULT v FLORIDA PUBLISHING COMPANY, et al.

### Case No. 87-1013 CA

Seventh Judicial Circuit, St. Johns County

July 3, 1990

### APPEARANCES OF COUNSEL

**Joe C. Miller, II, Esquire** and **Linda Logan Bryan, Esquire,** Miller, Shine & Bryan, for plaintiff.

**George D. Gabel, Jr., Esquire** and **Charles D. Tobin, Esquire,** Gabel, Taylor & Dees, for defendants.

### OPINION OF THE COURT

RICHARD G. WEINBERG, Circuit Judge.

*ORDER ON PENDING MOTIONS AS TO COUNT II OF THE AMENDED COMPLAINT SEEKING PUNITIVE DAMAGES*

THIS CAUSE was argued before the Court July 2, 1990 on the issue of punitive damages set forth in Count II of the Amended Complaint, leave having been granted to Plaintiff to file. The matter had previously

been determined adversely to Plaintiff by a prior Judgment (Summary) entered by the court on July 13, 1989.

The Court permits interlineation of the Amended Count II of the Complaint to add at the end of paragraph 18, the following:

"and with the intent to injure Plaintiff."

In connection with the punitive damage question, the Court has granted Plaintiff leave to place before the Court a pleading or a factual basis to support punitive damages. *See Florida Statute* 768.72.

The detailed Order of this Court July 13, 1989 evaluated certain issues of law that impacted on the continuation of the case. In that Order, if Plaintiff was a figure figure, "actual malice" would have to be sufficiently alleged and supported. The Order of that Court found that Plaintiff was NOT a public figure and thus the "actual malice" requirement was not applicable. The Court further concluded that if such requirement were required (public figure), then the Court would have entered Summary Judgment as to the entire proceeding because it would be dispositive of the case. Since the Court found, as a matter of law, that the Plaintiff was NOT a public figure, the Court permitted the case to proceed on the factual issue as to whether or not the newspaper publication was libelous. This order was appealed to the 5th DCA, Fla., but the Court declined to consider the issue as to public figure versus non-public figure. Thus, Certiorari was denied as being a non-final, non-appealable order. (Case No. 89-1593) *Gadsen County Times v Horne,* 382 So.2d 347 (1 DCA 1980).

At this junction of the case, the Court is faced with the question as to whether or not there is a sufficient pleading or factual basis to permit the matter of punitive damages to go forward to the Jury. Accepting the facts pleaded most favorably to the Plaintiff, the Defendant's reporter apparently mixed up certain facts concerning the question as to whether or not the Plaintiff could serve on a local Board when doing business with the same Board (Historic St. Augustine Preservation Board). The reporter apparently wrote up a story that would appear to indicate that the Plaintiff was forced to withdraw his appointment and nomination in the face of an ethics investigation by the State. Plaintiff's Complaint alleges that he alone initiated the investigation and requested an advisory opinion from the State Ethics Commission. When they indicated that it would not be proper for him to serve at the same time when his sightseeing train tickets were being sold through the Board, he immediately withdrew his name.

On a factual basis, examination of such facts most favorable to the Plaintiff reveal that the reporter might have been less than accurate,

217

and possibly careless in structuring the story. However, there was absolutely no evidence demonstrated that the reporter (Mrs. Purtic) had some extraneous reason or prior contact with the Plaintiff that would create or demonstrate some malicious intent, ill-will, enmity, rancor or bad blood against the Plaintiff. Plaintiff's own statement in his deposition supports this finding. He knew of no prior difficulty, contact or other problems with the reporter that would create a "get even" situation. Plaintiff's deposition taken January 5, 1988, at page 5, reveals that he had no prior contact with the reporter, knew of no malice, hatred or ill will by the Company or the reporter against him, but only that he was upset by the inaccuracy of the story. The law, however, is such that inaccuracy cannot be the sole basis for punitive damages in the tort of Defamation. The law has evolved a body of law to support "First Amendment" rights of free speech and press, which outlines a standard to be followed. This standard requires that actual malice/malice-in-fact be shown to recover punitive damages. *New York Times v Sullivan,* 376 U.S. 254, 11 L.Ed.2d 686 (U.S. Sp. Ct. 1964).

In *Boyles v Mid-Florida Television Corp.,* 431 So.2d 627, *affd.* 467 So.2d 282, the Fifth District Court of Appeal, Florida, has specifically ruled that a private individual cannot recover punitive damages without a showing of actual malice on the part of the publisher of the defamatory statements. The standard is that set in the *New York Times v Sullivan* case. The statements then must have been made with the knowledge of their falsity, or with a reckless disregard for the truth in order for the "private" figure to recover punitive damages.

Because of such test, the Court having found no evidence of actual malice, must necessarily look to the publication itself to determine if the printed story is so egregious and reckless that by itself would permit the Court to infer actual malicious intent so as to permit punitive damages to be placed before the trier of fact.

The Court in examining the story cannot reach this conclusion. Although the words, "probe"; "deal" and "case" might be argued to contain some sinister import, read into the article does not reach the level of accusatory journalism to justify a conclusion that malicious intent can be inferred. The law before the Jury in Florida requires "clear and convincing" evidence. In reaching the conclusion of the Court sub-judice, it did not have to go that far. On a sufficiency test only, the article did not constitute such a blasphemy to Plaintiff that would require the Court to infer malice without any supporting evidence.

Thus, on both analysis, the Court concludes that it must reiterate its prior finding.

218

Accordingly, it is ADJUDGED, as follows:

1. That Motion to Dismiss COUNT II is granted. It is with prejudice, because the Court enters Partial Summary Judgment that there is no basis for Plaintiff to proceed with his punitive damage claim.

2. That the summary of the ruling is that the issue for the Jury will be on the alleged defamatory nature of the publication and actual damages, if any.

DONE AND ORDERED in St Augustine, St. Johns County, Florida, this 3rd day of July, 1990.