BITUMINOUS CASUALTY CORPORATION, and A. W. PAGE doing business as PAGE BAKING COMPANY v. HORACE CLEMENTS, JR., and AMERICAN CASUALTY COMPANY.

3 So. (2nd) 865

Division A

Opinion Filed September 19, 1941

*Carl L. Owenby, James Messer, Jr.,* and *W. J. Oven, Jr.,* for Appellant.

*Caldwell, Meginniss & Parker* for Appellee Horace Clements, Jr., and *B. K. Roberts, Rodney Durrance* and *Weldon G. Starry,* for Appellee, American Casualty Company.

BUFORD, J.—This cause is before us on appeal from decree of Circuit Court reversing the award of the Florida Industrial Commission and making a different award.

Before discussing the merits of the case, we shall consider the contention of the appellee that the Circuit Court erred in denying the motion to dismiss filed therein. The sole ground of the motion to dismiss, as shown by the record, was:

"That the appeal entered herein on the 13th day of May, A.D. 1940, be dismissed because the same is frivolous and taken for the purpose of delay."

It is now contended that the motion to dismiss should have been granted because the notice of appeal was *filed* with the Commission more than thirty (30) days after the entry of the order appealed from. It is true that the notice of appeal was marked "Filed in the Office of the Florida Industrial Commission on June 3, 1940," but there is no allegation that the notice of appeal was not transmitted to, and received by, the Florida Industrial Commission on the 13th day of May, 1940. The motion of the appellees to dismiss identifies the appeal as having been entered on the 13th day of May, 1940, which, taken with the fact that the record shows that such motion was filed on the 8th day of June and that there was no contention in the lower court that the appeal was not timely entered, may be taken as an admission on the record that the notice of appeal was lodged with the Commission on the 13th day of May, 1940, and was within the time allowed by statute, Sec. 27, Chap. 17481, Acts of 1935 as amended by Sec. 12 of Chap 18413, Acts of 1937, and that the file mark was not placed thereon when it was lodged with the Commission.

If the appellant lodged with the Commission its notice of appeal on the 13th day of May, 1940, it was the duty of the Commission to then file mark the same as of that date. The duty of appellant in this regard was performed when it in due course transmitted the notice of appeal so that the Commission received it in time for the same to be effective.

In 49 C.J. page 651, Sec. 919, it is said:

"Filing a pleading under the modern practice consists simply in placing it in the hands of the proper officer, to be preserved and kept by him in his official custody, as a public record. It is deemed filed when, for that purpose, it is delivered to, and received by, the proper officer who is ordinarily the clerk of court for the county in which the action was brought. But merely putting a paper into the files or leaving it in the clerk's office without handing it to the clerk is not filing it; nor is it filed by placing it with the papers in the case, even though the other party had notice thereof, or by merely stating on another paper that it is filed "herewith.' Handing a paper to the clerk outside his office and obtaining his indorsement of filing thereon does not constitute a filing in his office. When a pleading is mailed to the proper officer for filing, the date of its receipt and not the date of mailing is the date of filing and if he never receives it, there is no legal filing. A pleading may be filed by the attorney of a party to the action."

"It is the duty of the officer receiving a pleading for filing to make the proper indorsement and entry; but this is merely evidence of the filing and is not essential to the validity thereof, except in some jurisdictions where statutes requiring such indorsement and entry have been held mandatory. Nor will the memo-

randum or indorsement alone constitute conclusive evidence of the filing."

In 21 R.C.L. page 590, Sec. 139, the text is:

"With reference to filing, it is a rule that if a complaint is delivered to and received by the proper officer to receive it for the purpose of being kept on file, it is deemed to be filed; and this although the officer is not at his office at the time of delivery."

See also 18 Ann. Cas., note 250.

We recognize the rule to be as above stated in the case of In re: Switzer's Estate, Darling v. Street as Administratrix, 115 Fla. 780, 156 Sou. 1. In that case the paper in question was delivered to the clerk in the County Judge's Office, not at the County Judge's Office, but at the home of the clerk. This was held not to be a filing but the converse is strongly intimated that if the paper had been left with the clerk in the County Judge's Office, then the filing thereof would have been complete at that time, although the file mark was placed on it at a later date.

As hereinbefore stated, the question now presented was not presented to the lower court. Had it been presented there, the parties to the cause would have had the opportunity to show to the court the facts as they existed in regard to the filing of the notice of appeal. In the state of the record, the appellees have failed to show that the Circuit Court was without jurisdiction to hear and determine the cause.

The facts of the case are stated by the deputy commissioner concisely and in accord with the record, as follows:

"It was stipulated and agreed by and between the parties that the Claimant, Horace Clements, Jr., while employed by the Page Baking Company, Panama City,

Bay County, Florida, on January 12, 1940, suffered an accident arising out of and in the course of his employment. That while cleaning an electric molding machine, he became overbalanced and fell against the wheel which caught his right hand, causing total disability to the third and fourth fingers and Fifty (50%) Per cent disability to the second finger. That the Claimant, on this date, was seventeen (17) years old; that he had no dependents and his average weekly wage was Eight (8.00) Dollars per week.

"The controversy presented here arose not from the liability of the employer, but whether the Bituminous Casualty Corporation or the American Casualty Company was carrying the insurance of the employer on January 12, 1940. I find the following facts from the testimony:

"On November 6, 1939, the Bituminous Casualty Corporation issued its standard Workmen's Compensation policy, through its agent F. A. Black, to the above employer, which policy would expire November 6, 1940. Soon thereafter, during the first of December, the agent of the Bituminous Casualty Corporation discovered that the rate extended the employer was erroneous and that an additional premium would have to be assessed against the employer and he issued an indorsement to the policy providing for this additional premium. There were several conferences between the agent for the Bituminous Casualty Corporation and the employer, during which the employer suggested that he was endeavoring to procure other insurance in which the rates would not carry the extra premium.

"The testimony reveals that on or before the 10th of January, 1940, the employer came to the office of

the agent of the Bituminous Casualty Corporation with the endorsement of the Bituminous Casualty policy and requested that the policy be cancelled, as he had procured a policy with another company without the additional rate. The agent of the Bituminous Casualty Corporation advised the employer that it would be necessary for him to have the original policy in order to cancel the same.

"During the first of January, the employer started negotiating with A. L. Browne, agent for the American Casualty Company, at which time, Mr. Browne testified he was requested by Mr. Page to find out what rates that company could provide a standard Workmen's Compensation policy for. After correspondence with his general office, Mr. Brown testified he notified Page that they could write the policy at the manual rates without the excess premium. Whereupon Mr. Page requested that the policy be ordered, which was done, and the policy was dated January 10, 1940, and the record of the Florida Industrial Commission, as furnished by the Florida State Rating Bureau, reveal that the policy was effective from January 10, 1940. However, subsequent to January 10, 1940, an endorsement was attached to the policy which provided for a change in the effective date from January 10, 1940 to January 15, 1940, and there was also an endorsement attached requiring the excess premium over and above the manual rate.

"Upon examination, the employer, Page, testified that he did not intend to have more than one insurance policy outstanding on the same liability at the same time, and that his sole reason for changing policies was the rates."

The Florida Industrial Commission, through its deputy commissioner, the Honorable Talbot Whitfield, found and awarded:

"The only other question presenting itself is that of the age of the injured claimant. The medical report which was stipulated to become a part of the record, reveals that the disability suffered was: Total disability of the third and fourth fingers, and Fifty (50%) Per Cent disability of the second finger, which provides Fifty weeks compensation, and Chap. 18413, Sec. 18, Acts of 1937, provides for double the amount of compensation if the Commission determines the injured employee, at the time of the accident, is a minor, employed in violation of the Child Labor Laws of Florida, and it is my finding that cleaning of the electrically operated molding machine while in operation was a hazardous occupation, and that compensation should be awarded in double amount.

"THEREFORE IT IS THE ORDER OF THE UNDERSIGNED DEPUTY COMMISSIONER that the American Casualty Company of Reading, Pennsylvania, do pay to the claimant, Horace Clements, Jr., the sum of Six (6.00) Dollars a week for fifty (50) weeks, payments to be made bi-weekly and to begin as of January 16, 1940.

"IT IS FURTHER ORDERED that A. W. Page, doing business as Page Baking Company, employer, do pay to the claimant, Horace Clements, Jr., the sum of Six ($6.00) Dollars per week for Fifty (50) weeks, payments to be made bi-weekly and beginning from January 16, 1940.

"IT IS FURTHER ORDERED that the carrier, American Casualty Company, pay all medical expenses incurred herein by the claimant."

On appeal, the Circuit Court, after reciting the

findings of the deputy commissioner, entered its judgment as follows:

"IT IS ORDERED AND ADJUDGED that the motion to dismiss the appeal filed by the Bituminous Casualty Company is hereby denied.

"IT IS FURTHER ORDERED that the part of the order of the Deputy Commissioner commanding the American Casualty Company to pay the award above stated be and the same is hereby reversed, for the same reason that the record discloses that at the time the accident occurred to Horace Clements on January 12, 1940, the Bituminous Casualty Company, of Rock Island, Illinois, was the insurer or carrier of the workmen's compensation liability of the Page Baking Company; and the record as amended further discloses that the policy of compensation insurance issued by the American Casualty Company to the Page Baking Company was not to become effective until January 15, 1940. This finding is sustained by the record in that the policy provides that it shall not become effective until endorsed by the agent of the American Casualty Company, and said policy shows that it was not endorsed until January 15, 1940.

"IT IS, THEREFORE, MY JUDGMENT, AND IT IS ORDERED AND DECREED that the Bituminous Casualty Company, of Rock Island, Illinois, is commanded to pay to Horace Clements the sum of Six (6.00) Dollars weekly for fifty (50) consecutive weeks, and that said payments are to start and be effective as from the date of the injury to Horace Clements, to-wit, January 12, 1940, and that the Bituminous Casualty Company shall also pay all medical expenses incurred by the claimant, Horace Clements.

"IT IS FURTHER ORDERED that the part of the order

of the Deputy Commissioner commanding A. W. Page, doing business as Page Baking Company, to pay the award above stated be and the same is hereby reversed, for the reason that this award against the employer finds no justification in the record as amended, either in the pleading or in the proof. The Child Labor Law which the Deputy Commissioner convicts the employer of having violated is that part of Section 5954, C.G.L. 1927, providing as- follows: 'No person under eighteen years of age shall be allowed to clean machinery while in motion.' The record shows, and it was so shown at the hearing before this Court, that the basis for the invoking of Sec. 18 of the Act imposing double liability was the medical report and employer's report of the injury filed under the Act with the Commission and by the Deputy Commissioner made a part of the record. The statements in these reports, even if taken as evidence, do not constitute sufficient proof of the essential elements of the offense covered by the Statute; and, further, by express provision of the Workmen's Compensation Act itself, Subsection c of Sec. 36, reports filed under the Act by the employer are specifically prohibited from being used as evidence of any fact stated in such reports. There being no other evidence in the record, the award against the employer for double indemnity is not warranted."

It will be observed that the Deputy Commissioner states that it was stipulated that the medical report should become a part of the record. We take it that this means that the medical report was accepted by all parties as stating the true circumstances under which the injury occurred. That report signed by Page Baking Company shows the following question:

"Describe fully how the accident occurred and state what employee was doing when injured." The answer is: "Cleaning machine, got over-balanced and fell against wheel getting hand caught in wheel, cutting off three fingers." That report also shows that the machine, tool, or thing causing the injury was a molding machine operated by electrical power. The report also shows that the accident was not caused by the injured's failure to use or observe safety appliances or regulation. The medical report also shows that Horace Clements, the claimant, was seventeen years of age.

None of these facts are disputed in the record.

Section 18 of Chapter 18413, *supra,* provides:

"Section 18. VIOLATION OF CHILD LABOR LAW. Compensation and death benefits as provided by the Workmen's Compensation Law shall be double the amount otherwise payable if the Commission determines that the injured employee at the time of the accident is a minor employed, permitted or suffered to work in violation of any of the provisions of the Child Labor Laws of Florida. The employer alone and not the insurance carrier shall be liable for the increased compensation or increased death benefits provided for by this section. Any provision in an insurance policy undertaking to protect an employer from such increased liability shall be void."

Section 4031 R.G.S., 5954 C.G.L., provides:

"No person under eighteen years of age shall be allowed to clean machinery while in motion."

We must, therefore, hold that the Circuit Judge was in error in reversing the order of the Commission in which the employer was required to pay damages as contemplated under Section 18 of Chap. 18413, *supra.*

The main contention appears to be between the two surety companies, each appearing to insist that the other, alone, is liable.

If the contention of Bituminous Casualty Corporation is correct, then its policy was cancelled and did not cover the accident. If the contention of American Casualty Company is correct, its policy was not in force because it had not become effective. So if both companies are correct in their contentions, there was no coverage.

Under the facts disclosed by the record we conclude that neither contention is correct.

Much is made in the briefs of the testimony of Mr. Page (Manager of the employer) to the effect that he did not intend to have but one coverage. Certainly the record shows that he did intend to have one coverage. Each policy contains a provision, viz:

(J) "If this employer carries any other insurance covering a claim covered by this policy, he shall not recover from the Company a larger proportion of any such claim than the sum hereby insured bears to the whole amount of valid and collectible insurance."

If both policies were in force the employer had but one coverage.

The record shows that the policy of Bituminous Casualty Corporation had not been cancelled by effective action of both company and the employer. It also shows that the policy of American Casualty Company was in effect when the accident occurred, and that the effort to change the effective date was by way of a rider attached to the policy after the accident occurred. So, at the time of the accident both policies were in force, subject to the provisions of sub-paragraph "J", *supra*.

So the decree and judgment of the Circuit Court is reversed with directions to enter a decree and judgment not inconsistent with the views herein expressed.

So ordered.

Reversed with directions.

BROWN, C. J., WHITFIELD, and ADAMS, J. J., concur.