CARROLL, DONALD K„ Judge.
A petition and a cross petition have been filed seeking our review of an order of the Florida Industrial Commission holding the petitioner and cross-petitioner, both insurance carriers equally liable for the payment of workmen’s compensation to a claimant. The sole question is which of these carriers is liable for these payments, unless both are liable as the Commission held. No question has been raised as to the compen-sability of the claimant’s injuries under the Workmen’s Compensation Law (Chapter 440, Florida Statutes, F.S.A.), which is admitted by all parties.
The factual situation is quite detailed, but, boiled down, is essentially as follows, with emphasis upon the critical dates:
The claimant was injured at 4 p. m. on August 19, 1957. The petitioner’s agent had agreed with claimant’s employer to provide temporary coverage extending from June 7, 1957, to June 20, 1957, to give the employer time to procure a permanent policy with another company, but the petitioner inexplicably filed with the Industrial Commission a notice and certificate of insurance showing coverage from June 7, 1957, to June 6, 1958, which notice and certificate had not been withdrawn or cancelled when the claimant was injured on August 19, 1957.
The cross-petitioner issued and filed with the Commission a workmen’s compensation policy covering the employer from July 15, 1957, to July 15, 1958. Shortly before August 19, 1957, this carrier filed with the Commission a notice of cancellation of its policy as of September 18, 1957. This notice was on a printed form listing several reasons for cancellation (including “duplicate coverage”) but none of these reasons were checked; instead, under the list the carrier wrote “Company Request”. By coincidence, at noon on August 19, 1957 — four hours before the claimant was injured — an employee of the Commission, noting that duplicate coverage appeared in the Commission records, cancelled the cross-petitioner’s policy effective immediately. Nevertheless, the cross-petitioner made workmen’s compensation payments to the claimant from August 25, 1957, to November 23, 1957.
The deputy commissioner, who heard the evidence establishing the foregoing, held that the petitioner alone was liable to make workmen’s compensation payments to the claimant. On review by the Commission, a majority, with one member dissenting, held that both insurance carriers were liable for the payments in an order to which the petition and cross-petition for writ of cer-tiorari are directed.
The critical question regarding the petitioner’s liability revolves about the intent of the parties to the insurance contract into which it and the employer had entered, yet the deputy commissioner re *186 fused to receive evidence as to such intent and make findings thereon. This, we think, was in error, for the rule is settled in this state that under such circumstances the Commission has the power to interpret the intent of the parties to an insurance contract.
As the Florida Supreme Court said in Blumberg v. American Fire & Casualty Co., 51 So.2d 182, 184:
“We do hold that when the evidence shows the intent of the parties to an insurance contract and the scrivener fails to express that intent, or does so ambiguously, the Industrial Commission has power under Section 440.41 to interpret the contract to express the intent of the parties. * * * ”
Section 440.41, Florida Statutes, F.S.A., referred to in the quotation, reads as follows :
“In any case where the employer is not a self-insurer, in order that the liability for compensation imposed by this chapter may be most effectively discharged by the employer, and in order that the administration of this chapter in respect of such liability may be facilitated, the commission shall by regulation provide for the discharge, by the carrier for such employer, of such obligations and duties of the employer in respect of such liability, imposed by this chapter upon the employer, as it considers proper in order to effectuate the provisions of this chapter. For such purposes (1) notice to or knowledge of an employer of the occurrence of the injury shall he notice to or knowledge of the carrier, (2) jurisdiction of the employer by the commission or any court under this chapter shall be jurisdiction of the carrier, and (3) any requirement by the commission, or any court under any compensation order, finding, or decision shall be binding upon the carrier in the same manner and to the same extent as upon the employer.”
The question of intent is pertinent also with respect to the question of the cancellation vel non of the cross-petitioner’s policy four hours before the claimant was injured, for obviously the Commissioner’s employee had no authority to cancel instanter the cross-petitioner’s policy for a' different reason and as of a different time from those stated in the notice of cancellation.
For the reasons stated, the petition and cross-petition for writs of certiorari are granted and the order of the Commission is quashed, with directions to remand the cause to the deputy commissioner for the taking of testimony and other evidence on the questions of the intents as aforesaid and for the making of findings thereon.
WIGGINTON, C. J., and STURGIS, J., concur.