220 So.2d 369 (1969)
The FIREMAN's FUND INSURANCE COMPANY, Petitioner,
v.
Dennis RICH, Raymond Seijas and Ernest Seijas, d/b/a Reliable Plastering, Kenneth Corporation, the Hanover Insurance Company, and the Florida Industrial Commission, Respondents.
No. 37764.
Supreme Court of Florida.
March 19, 1969.
*370 Chester L. Skipper, of Ramseur, Bradham, Lyle, Skipper & Cramer, St. Petersburg, for petitioner.
Kaleel, Kaleel & Kaleel, St. Petersburg, for Dennis Rich.
Gerald R. Colen, St. Petersburg, for Raymond Seijas and Ernest Seijas.
R. Corbin Glos, of Glos & Davis, Tampa, for Kenneth Corporation and The Hanover Ins. Co.
Patrick H. Mears and J. Franklin Garner, Tallahassee, for Florida Industrial Commission.
THORNAL, Justice.
By petition for certiorari we review an order of the Florida Industrial Commission reversing an order of a Judge of Industrial Claims who held that he was without jurisdiction to decide a dispute as to insurance coverage.
We must decide whether an industrial judge has jurisdiction to determine that an insurance policy which has terminated by its terms can remain in effect by estoppel or under an oral renewal binder.
Claimant Rich suffered an industrial injury while employed by Reliable Plastering on August 8, 1967. At the time Reliable was a sub-contractor under the prime contractor, Kenneth Corporation. Petitioner, Fireman's Fund Insurance Company, had covered Reliable for the period from July 26, 1966, to July 26, 1967. The Hanover Insurance Company at all relevant times was the insurance carrier covering Kenneth, the prime contractor. Rich filed claim on August 31, 1967. Fireman's Fund claimed that its coverage expired on July 26, 1967, prior to the industrial accident on August 8, 1967. If this was the situation, then Kenneth, the prime contractor, could become involved as statutory employer under Fla. Stat. § 440.10(1) (1967), F.S.A., because the direct employer, sub-contractor Reliable, would be without coverage. This in turn would, of course, immediately bring Hanover into the picture as the statutory employer's carrier.
There is no contest over the employee's entitlement to recover for the injury. The dispute revolves around the jurisdiction of the judge to be able to consider elements of estoppel or oral renewal in order to determine whether Fireman's remained liable on the allegedly "expired" insurance policy.
The industrial judge concluded that he had no jurisdiction to settle the dispute as to whether Reliable Plastering was covered by Fireman's Fund. Hence, he also decided that he could not reach the question of the statutory status of Kenneth, the prime contractor, and its carrier, Hanover. He held that Reliable and Fireman's would have to go into circuit court to obtain a decision on the basic issue of the existence of primary coverage.
Pending consideration of a circuit court declaratory decree proceeding, the employee, Rich, applied to the Full Commission for review of the order of the industrial judge. Before the circuit court could decide the matter the Full Commission, on July 23, 1968, reversed the industrial judge by entry of the order which we now review. The judge was directed to hear the entire matter and make findings as to the liability of the carriers involved.
Admittedly, there are matters which may arise in a workmen's compensation case which are beyond the jurisdiction of the industrial judge. Historically certain problems require solution by the judicial processes and procedures available only in the courts. For example, we have held that *371 neither the Full Commission nor an industrial judge has "jurisdiction to disregard the legal existence of a corporation." The piercing of a corporate veil can be accomplished only in an appropriate action in a court of equity or law. When an industrial judge decides who is the employer of a claimant, he exhausts his power in this respect. Roberts' Fish Farm v. Spencer, 153 So.2d 718 (Fla. 1963); Naranja Rock Co. v. Dawal Farms, 74 So.2d 282 (Fla. 1954).
The policy of workmen's compensation laws is to provide a prompt and expeditious forum to adjudicate the claims of workmen injured in the course of their employment. Within the memory of many of us, the industrially injured worker was formerly required to travel the laborious path of recovery in the common law courts. He was compelled to prove negligence. He faced the fellow servant rule, the foreseeability test and the doctrine of assumption of risks. The employer had the burdensome responsibility of defending against a multitude of claims, employing counsel and protecting himself against each separate industrial claim as it arose. Finally, employer and employee saw the wisdom of a system that would eliminate the technicalities of both claims and defenses. Fault as an element was removed. A ceiling was put on recovery, measured by earnings and extent of injury. A liberal, remedial approach replaced the stringency of the common law as a solution to a social and economic problem aggravated by the industrial age. The insurance industry became a major factor in the employer-employee equation.
In order to meet the procedural demands, the Legislature created a commission with quasi-judicial powers. The commission must function within the limits of its endowed powers. However, these powers should be construed to comprehend, when possible, sufficient authority to effectuate the objectives and purposes of the legislation. From a broad perspective these concepts influence our solution to the problem at hand. Our prior decisions have foreshadowed the result.
We have held, for example, that the Florida Industrial Commission can determine the intent of the parties to explain any ambiguity in an employer-carrier insurance contract. Blumberg v. American Fire & Casualty Co., 51 So.2d 182 (Fla. 1951). When there are two insurance contracts to cover a single employer, the Industrial Commission can examine the intent of the parties to determine which contract controls and which of the two carriers is liable. Hartford Accident & Indemnity Co. v. King, 114 So.2d 184 (1st Dist.Ct.App.Fla. 1959). Security Insurance Co. of New Haven v. King, 124 So.2d 129 (Fla. 1960), illustrates the converse of the instant situation. There, the industrial judge was allowed to determine that even though an insurance policy between employer and carrier was on file, nevertheless, neither party intended such a contract to be effective. The carrier was held not liable.
Relevant statutes point to the same conclusions. Fla. Stat. § 440.41 (1967), F.S.A., authorizes the Industrial Commission to substitute a carrier for an employer. In order to exercise this authority it would be essential that the Commission have the power in an appropriate case to decide who the carrier is. Fla. Stat. § 440.42(3) (1967), F.S.A., allows the Industrial Commission to settle a dispute between two or more contesting insurance carriers. It would be impossible to settle such a conflict without the power also to decide, if necessary, that an insurance contract between employer and carrier is in effect. Bituminous Casualty Corporation et al. v. Clements, 148 Fla. 175, 3 So.2d 865 (1941).
We find nothing in the instant matter which necessitates referral to a court of equity or law. On the other hand, it would appear to be within the peculiar competence of an industrial judge to decide the existence or non-existence of insurance coverage when relevant to a workmen's *372 compensation problem. The industrial judges are all lawyers who now devote full time to the duties of their office. Fla. Stat. § 440.45 (1967), F.S.A. They delevop an expertise that equips them to handle effectively matters relating to workmen's compensation. This is so even though in a different posture similar problems might properly be referred to a court of equity or law.
The order of the Full Commission reversing the judge and directing him to hear the matter and make findings on insurance carrier liability is not a deviation from the essential requirements of the law.
The petition for certiorari is denied.
ERVIN, C.J., DREW and CALDWELL (Retired), JJ., and TAYLOR, Circuit Judge, concur.