345 So.2d 761 (1977)
INTERNATIONAL PILING, INC., a Florida Corporation, Appellant,
v.
AMERICAN NATIONAL FIRE INSURANCE COMPANY, Appellee.
No. 76-622.
District Court of Appeal of Florida, Fourth District.
April 7, 1977.
Thomas F. Gustafson, Gerald M. Walsh & Associates, P.A., Fort Lauderdale, for appellant.
Albert P. Massey, III, Pyszka, Kessler, Adams & Solomon, Fort Lauderdale, for appellee.
LETTS, Judge.
This appeal comes on before us from an order of the trial court granting a motion to dismiss with prejudice.
We agree with the trial judge.
The appellant in this case is a corporate employer which procured insurance from the appellee insurance company to provide coverage for workmen's compensation claims. While the policy was in effect, according to the corporate employer, an employee was injured and he sought relief in the Industrial Claims Court. Apparently, for some reason not explained in the record, the insurance company denied that coverage for this injured employee existed, whereupon the corporate employer filed suit for a declaratory decree for a determination as to coverage, in the Circuit Court. In the complaint filed, the allegation was made that the Judge of Industrial Claims was preparing to rule on the question of the existence of the coverage and that said Industrial Claims Court had no jurisdiction to do so. The trial judge disagreed and dismissed the case with prejudice, resulting in this appeal.
The basic issue before us is whether the trial court properly ruled that the question could be resolved by the Industrial Claims Court on the basis of statute. Appellant asserts that Florida Statute § 440.42(3) (1967) defines and limits the judicial authority of the Industrial Claims Court, and interprets it as requiring a controversy between two or more carriers involved in a claim for workmen's compensation. The Statute states:

*762 (3) When there is any controversy as to which of two (2) or more carriers is liable for the discharge of the obligations and duties of one (1) or more employers with respect to a claim for compensation, remedial treatment or other benefits under this chapter, the commission shall have jurisdiction to adjudicate such controversy; and if one (1) of the carriers voluntarily or in compliance with a compensation order makes payments in discharge of such liability and it is finally determined that another carrier is liable for all or any part of such obligations and duties with respect to such claim, the carrier which had made payments either voluntarily or in compliance with a compensation order shall be entitled to reimbursement from the carrier finally determined liable, and the commission shall have jurisdiction to order such reimbursement; provided, however, that if the carrier finally determined liable can demonstrate that it has been prejudiced by lack of knowledge or notice of its potential liability, such reimbursement shall be only with respect to payments made after it had knowledge or notice of its potential liability.
Accordingly, as this case involves a dispute between only one carrier and an employer, the corporate employee contends that the Industrial Claims Court does not have jurisdiction over the situation sub judice under § 440.42(3).
It is also argued that Florida Statute 440.41 (1967) provides no basis for jurisdiction of the Industrial Claims Court. This latter section permits the substitution of an insurance carrier for an employer, who is not self-insured, so that the carrier discharges the obligations of an employer in a workmen's compensation claim. Appellant reasons that if 440.42(3) does not apply to the instant case, then 440.41 cannot be employed to give the Industrial Claims Court jurisdiction. We do not agree.
As the insurance company indicates, there is case law interpreting both statutes which illustrate circumstances in which the Industrial Claims Court has jurisdiction. In Blumberg v. American Fire and Casualty Company, 51 So.2d 182 (Fla. 1951), it was held that where the intent of the parties to an insurance claim was unclear, the claims court had the authority to interpret the policy under § 440.41.
It is admitted that the question raised on appeal in this case does not seem to have been met, head on, at the appellate level, but the Supreme Court of Florida discussed the question of jurisdiction of the Industrial Claims Court in Fireman's Fund Insurance Company v. Rich, 220 So.2d 369 (Fla. 1969), where the question of jurisdiction was specifically in dispute, even although two carriers were involved. The factual situation in Fireman's Fund involved an interpretation of an expired insurance policy to determine if the carrier remained liable by estoppel or under an oral renewal binder. The carrier argued that such a decision was beyond the scope of any power vested in the claims court by statute. Holding that the matter could be resolved by the claims court rather than a court of equity or law, the Court stated that:
... it would appear to be within the peculiar competence of an industrial judge to decide the existence or non-existence of insurance coverage when relevant to a workmen's compensation problem. The industrial judges are all lawyers who now devote full time to the duties of their office. Fla. Stat. § 440.45 (1967), F.S.A. They develop an expertise that equips them to handle effectively matters relating to workmen's compensation. This is so even though in a different posture similar problems might properly be referred to a court of equity or law. Id. at 371-72.
The same Court also said the following:
Fla. Stat. § 440.42(3) (1967) F.S.A. allows the Industrial Commission to settle a dispute between two or more contesting insurance carriers. IT WOULD BE IMPOSSIBLE TO SETTLE SUCH A CONFLICT WITHOUT THE POWER ALSO TO DECIDE, IF NECESSARY, THAT AN INSURANCE CONTRACT BETWEEN EMPLOYER AND CARRIER *763 IS IN EFFECT. Bituminous Casualty Corporation et al. v. Clements, 148 Fla. 175, 3 So.2d 865 (1941).

Id. at 371 (emphasis supplied).
The emphasized quote above would appear to us to be dispositive of the case now before us. Accordingly, we cannot find that the trial judge below erred in declining to take jurisdiction, although we do not mean to suggest by this opinion that the Circuit Court might not be a competent forum in such a dispute.
AFFIRMED.
ALDERMAN, J., and HAROLD R. CLARK, Associate Judge, concur.