ROBERT P. SMITH, Jr., Judge.
The deputy commissioner, exercising jurisdiction as approved in Fireman's Fund Ins. Co. v. Rich, 220 So.2d 369 (Fla.1969), and Int’l Piling, Inc. v. American Nat’l Fire Ins. Co., 345 So.2d 761 (Fla. 4th DCA 1977), determined that the worker’s compensation insurance policy issued by appellant to appellee Expeditions Unlimited was in effect on the date of appellee Scott’s accident. That decision is necessarily predicated on the view that a premium check received by the insurer after sending notice of cancellation for nonpayment of premium was accepted when deposited by the insurer, thereby reinstating the policy. Because the check is considered as accepted conditionally, the condition being its payment upon presentment, reinstatement of the policy was prevented when the insured stopped payment on the check. See Pike v. Nat’l Fidelity Life Ins. Co., 377 So.2d 973 (Fla. 3d DCA 1979); Annot., “Receipt of check for insurance premium as preventing forfeiture for nonpayment,” 50 A.L.R.2d 630 (1956). Evidence of prior dealings between insurer and insured in the case of late payments received and credited gave no basis for declaring renewed a lapsed policy for which the insured pointedly stopped payment.
REVERSED.
THOMPSON, J., and WOODIE A. LILES (Retired), Associate Judge, concur.