Mr. Randy Miller Executive Director, Department of Revenue
QUESTION:
Is the filing date of a petition for adjustment of property assessment the date on which the petition is placed in the mail or the date the petition is actually received in the office of the property appraisal adjustment board?
SUMMARY:
The filing date of a petition for adjustment of property assessment is the date on which the petition is actually delivered to and received in the office of the property appraisal adjustment board and is not the date on which the petition is deposited or placed in the United States mail for delivery to the board.
The property appraiser is charged by law with the responsibility of assessing the value of all property located within his county.See s. 192.011, F.S. In accordance with the form and procedures outlined in s. 200.069, F.S. (1980 Supp.), the property appraiser must notify each person whose property is subject to taxation of its assessed value. See s. 194.011(1), F.S. (1980 Supp.). The notice must inform the owner that, if he feels the current assessed value is inaccurate or does not reflect fair market value, he may contact his property appraiser and, in the event that the property appraiser does not resolve the matter to his satisfaction, he may file a petition for adjustment with the property appraisal adjustment board. See s. 200.069(7). The notice to the property owner must further inform him that any petition for adjustment must be filed `. . . on or before the 30th day following the mailing of notice by the property appraiser . . . .'See ss. 200.069(7) and 194.011(3)(d), F.S. (1980 Supp.). As the tax laws do not define the term `filed' for the purposes of ss.194.011 and 200.069, F.S., your question is whether the date of filing for purposes of s. 194.011 is the date the petition is actually received by the property appraisal adjustment board or, if the petition is mailed, whether the date of filing is the date it is deposited or placed in the United States mail.
Generally speaking, where a statute requires that a document be filed by a date certain, actual delivery of the document by that date must be accomplished and merely depositing the document in the mail does not satisfy the requirement. As is stated in 36A C.J.S. File at pp. 396-398:
 The word `filed' is customarily used in connection with judicial documents, and in practice the term has a well-defined meaning, signifying delivered to the proper officer and by him received to be kept on file, or in his official custody; delivered into the actual custody of the officer designated by the statute, to be kept by him as a permanent record of his office.
 Generally the word `filed' applies only where there is a writing, and where the paper, instrument, or document has been actually delivered, rather than merely deposited in the mail. Thus, a paper may be regarded as `filed' only at the time it is delivered to, and received by, the designated officer, and it is considered as `filed' only when it is delivered to the proper official and by him received and filed. . . . (Emphasis supplied.)
Also see the discussion of the term `delivery by mail' in 16A Words and Phrases, File, pp. 107-108, indicating that depositing a paper in the post office does not constitute a filing; that filing is not complete until actual receipt of the document by the proper officer. There are several Florida cases in accord with the general rule, notably Hewitt v. International Shoe Co.,155 So. 725 (Fla. 1934), papers which the law requires to be `filed' on or before a certain date are not legally `filed' by merely placing them in the United States mail during the period of time permitted for filing them; and the case cited in your letter, Blake v. R.M.S. Holding Corp., 341 So.2d 795 (3 D.C.A. Fla., 1977), to be `filed' under statute requiring document to be filed with tax assessor by certain date, document or paper must be delivered to and received in office of assessor and mailing of document which was incorrectly addressed did not fulfill statutory requirement for filing. And see Bituminous Casualty Corp. v. Clements,3 So.2d 865 (Fla. 1941), and Coult v. McIntosh Inv. Co., 182 So. 594 (Fla. 1938).
The Legislature, of course, has the power to provide that the date a paper is deposited or placed in the United States mail or the date of its postmark will be considered the date of filing. As you noted in your letter, the Legislature has provided for such an exception for purposes of ad valorem tax administration in s.192.047, F.S. Subsection (1) of that section provides that `. . . the date of an official United States Postal Service postmark ofan application for exemption, an application for specialassessment classification, or a return filed by mail shall be considered the date of filing the application or return.' (Emphasis supplied.) However, where a statute lists the things on which it is to operate, it must be assumed that the list is exhaustive and that it does not relate to any other thing not listed. Expressio unius est exclusio alterius. Thayer v. State,335 So.2d 815 (Fla. 1976); Deal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944); Devin v. City of Hollywood,351 So.2d 1022 (4 D.C.A. Fla., 1976). Consequently, as s. 192.047(1) does not include a petition for adjustment of property assessment among those papers which may be considered filed as of the date they are postmarked, I can only assume that such a petition must be filed in accordance with the general rule which requires actual delivery to and receipt of the document by the designated officials by the date specified.
Prepared by: Percy W. Mallison, Jr., Assistant Attorney General