399 So.2d 523 (1981)
Nora J. COOK, Appellant,
v.
WALGREEN CO., Days Ease Home Products Corp., the Clorox Company, and Procter & Gamble Distributing Co., Appellees.
No. 80-1524.
District Court of Appeal of Florida, Second District.
June 10, 1981.
Jerry B. Shell of the law offices of Gale K. Greene, Sarasota, for appellant.
Gary M. Witters of Allen, Dell, Frank & Trinkle, Tampa, for appellee Days Ease Home Products Corp.
W. Robert Mann and J. Alden Weichel of Mann & Fay, Chartered, Bradenton, for appellee Clorox Company.
Lewis F. Collins, Jr. of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellee Procter & Gamble Distributing Co.
CAMPBELL, Judge.
The plaintiff in the lower court appeals from orders granting defendants' motions for summary judgment because of her failure to file her complaint within the four-year statute of limitations period. Appellant contends that although the original complaint was file-marked by the clerk of the circuit court after the statute of limitations had run, such evidence is not so conclusive as to support a summary judgment in light of a contradicting affidavit presented to prove timely delivery of the pleading to the office of the clerk of the circuit court. We find this contention to be meritorious and reverse.
According to his sworn affidavit, on Friday, September 28, 1979, a paralegal employed by appellant's attorney delivered appellant's complaint to a basket in the clerk's office designated "incoming papers." For *524 unexplained reasons, the complaint was not file-stamped until Tuesday, October 2, 1979. The last day for filing under the applicable statute of limitations was Monday, October 1, 1979. The clerk of the circuit court for Sarasota County submitted a sworn affidavit stating that the incoming papers basket was used to receive all papers for filing in an effort to expedite the filing procedure. Thus, the clerk's office would inform attorneys and their agents that papers to be filed should be left in the basket to be processed later.
In their motions for summary judgment, appellees argued, inter alia, that the statute of limitations had run, relying exclusively on the date of the clerk's file stamp. In separate orders, the trial court granted summary judgment as to all the appellees, noting that there was no proof that between September 28 and October 2 the clerk of the court had not processed for filing all of the papers that had been left in the incoming basket by the close of business on September 28.
The primary issue raised on this appeal is whether a file stamp used by the clerk of the court is conclusive evidence of the time of filing. It is the consensus of most jurisdictions that file-marking is mere evidence of the date of filing, is not conclusive, and may be rebutted by conflicting evidence. E.g., Graves v. General Insurance Corp., 381 F.2d 517 (10th Cir.1967); Ward v. Atlantic Coast Line Railroad Co., 265 F.2d 75 (5th Cir.1959).
The Florida Supreme Court has discussed the requirements of filing, deciding that a pleading is deemed filed when it is delivered to and received by the proper officer for that purpose. Bituminous Casualty Corp. v. Clements, 148 Fla. 175, 3 So.2d 865 (1941). The court in Bituminous Casualty described the clerk's duty as follows:
It is the duty of the officer receiving a pleading for filing to make the proper indorsement and entry; but this is merely evidence of the filing and is not essential to the validity thereof, except in some jurisdictions where statutes requiring such indorsement and entry have been held mandatory.
Id. at 178, 3 So.2d at 866 (citing 49 C.J. Pleading § 919 (1930)). See In re Switzer's Estate, 115 Fla. 780, 156 So. 1 (1934); Blake v. R.M.S. Holding Corp., 341 So.2d 795 (Fla. 3d DCA 1977). But see Security Finance Co. v. Gentry, 91 Fla. 1015, 109 So. 220 (1926) (Where the court clerk was required by statute to keep a default docket, a default did not begin to run until such entry was made in the proper docket book.) Section 28.13, Florida Statutes (1979), further describes the clerk's duty for filing papers.[1]
It is apparent that the system for receiving documents was such that one delivering papers to the incoming box could reasonably expect them to be stamped the same day. According to this procedure, one might conclude that appellant's attorney fulfilled his obligation of delivery for the purpose of filing. Bituminous Casualty Corp.
If the date of the clerk's file-marking is not conclusive, and competent evidence is presented to show the clerk received the pleading on a date other than the one stamped, a factual question is raised and a summary judgment is not warranted. Appellant would not be precluded at a further evidentiary hearing from presenting evidence to support the failure to file within the period of the statute of limitations.
REVERSED and REMANDED for treatment consistent herewith.
SCHEB, C.J., and GRIMES, J., concur.
NOTES
[1] Florida Statutes, section 28.13 (1979):

The clerk of the circuit court shall keep all papers filed in his office with the utmost care and security, arranged in appropriate files (endorsing upon each the time when the same was filed), and all the pleadings in such cause shall be attached together with tape or ribbon, and kept distinct from other papers in the cause; and papers of different kinds shall not be mixed up and folded loosely together, but each description of papers shall be kept on file with other papers of the same class; and he shall not permit any attorney, or other person, to take papers once filed out of the office of the clerk without leave of the court, except as is hereinafter provided by law.