721 So.2d 799 (1998)
Kim McCLUNG-GAGNE, Appellant,
v.
HARBOUR CITY VOLUNTEER AMBULANCE SQUAD, INC., Appellee.
No. 97-2907.
District Court of Appeal of Florida, First District.
December 11, 1998.
*800 Michael S. Hayworth of Hayworth & Chaney, P.A., Melbourne, for Appellant.
Kendall B. Rigdon of Rigdon, Muckerman, Alexander, Gerjel & Rigdon, P.A., Cocoa, for Appellee.
VAN NORTWICK, Judge.
Kim McClung-Gagne, the claimant below, appeals an order dismissing her claim for benefits under the workers' compensation law. Claimant was acting as a volunteer for appellee, Harbour City Volunteer Ambulance Squad, Inc. (HCVAS), when on August 23, 1992, she injured her back while attempting to lift a patient onto a stretcher. She contends that HCVAS was acting as a governmental entity within the meaning of section 440.02(13)(d)3., Florida Statutes (1991),[1] and, as a result, she was included within the definition of "employee" under the workers' compensation law and could recover workers' compensation benefits from HCVAS. In the order on appeal, the Judge of Compensation Claims (JCC) dismissed the claim for benefits based on a lack of subject matter jurisdiction. The JCC reasoned that a determination of whether HCVAS, a private non-profit corporation, met the definition of "other governmental entity" in section 440.02(13)(d)3. would require her to pierce the corporate veil of HCVAS, which she was not empowered to do. For the reasons that follow, we reverse and remand for further proceedings.

Background
On November 13,1990, the Board of County Commissioners of Brevard County granted HCVAS an exclusive franchise to provide ambulance services within the southern part of Brevard County for a five-year period ending September 30,1995. Pursuant to this franchise agreement, the manner of operation of the ambulance services by HCVAS was highly regulated by the county. For example, under the agreement, HCVAS was required to provide ambulance services to all persons within its service area 24 hours per day, seven days a week; was required to schedule non-emergency transport services in a manner which would not impair its ability to provide emergency medical services; and could support agencies outside its service area only with special permission from applicable county authorities. Further, under the agreement HCVAS personnel and the operation of its equipment were required to be in compliance with any standards established by Brevard County; the director of the county *801 fire rescue department could inspect the personnel records and equipment of HCVAS at any time; HCVAS ambulances were to be titled in the name of Brevard County; and HCVAS was required to provide a minimum of seven ambulance service stations in seven named locations in south Brevard County. Finally, the franchise agreement was to be administered by the director of the county fire rescue department or his designated representative.
In the proceeding below, HCVAS successfully argued that, because the JCC lacks the authority to disregard the legal existence of a corporation or pierce its corporate veil under Roberts' Fish Farm v. Spencer, 153 So.2d 718, 721 (Fla.1963), the JCC could not determine whether HCVAS, a private non-profit corporation, was acting as a governmental entity under section 440.02(13). As a result, HCVAS contended, claimant's claim for benefits must be dismissed. This argument is without merit. Making a determination under section 440.02(13) in the instant case would not require the JCC to pierce or disregard the corporate form of HCVAS or impose any individual liability on the corporate officers or shareholders of HCVAS.

"Other Governmental Entity"
This case involves a claim for indemnity and medical benefits which the JCC has jurisdiction to award. § 440.25(1), Fla. Stat. (1991); Fireman's Fund Ins. Co. v. Rich, 220 So.2d 369, 371 (Fla.1969). The broad issue to be resolved is whether HCVAS is, in effect, an "other governmental entity" under section 440.02(13)(d)3. In that regard, in the alternative, HCVAS argues that we should affirm because the evidence supports a determination that, as a matter of law, HCVAS is not an "other governmental entity," and, therefore, the claimant is not entitled to benefits. We cannot agree. Because on this record the question before us involves disputed issues of fact, it cannot be resolved as a matter of law.
In determining whether HCVAS may be considered an "other governmental entity" under the workers' compensation law, we look to the legislative intent expressed in the statute. Under Florida's Workers' Compensation Act, "employment" is defined in section 440.02(15)(b)1., Florida Statutes (1991), as including "[e]mployment by the state and all political subdivisions thereof and all public and quasi-public corporations therein ..." Similarly, an "employer" includes "the state and all political subdivisions thereof, [and] all public and quasi-public corporations therein..." § 440.02(14), Fla. Stat. (1991). Further, although an "employee" for purposes of the workers' compensation law does not include a volunteer of a private non-profit agency, section 440.02(13)(d)3.a., Florida Statutes (1991), an "employee" includes "a volunteer worker for the state or a county, city, or other governmental entity," section 440.02(13)(d)3., Florida Statutes (1991), and a volunteer firefighter. § 440.02(15)(b)3., Fla. Stat. (1991).
Appellant argues that, when these statutory provisions are read in para materia, it becomes apparent that the legislature intended to include within the definition of a covered employee a volunteer worker of a quasi-public corporation which by its purpose, function and control is an "other governmental entity." Applying that rule of statutory construction applicable to the workers' compensation law governing the instant case, we agree.
Although "quasi-public corporation" is not defined in chapter 440, it is generally defined as a private corporation which "ha[s] accepted from the state the grant of a franchise or contract involving the performance of public duties." 1 W. Fletcher & C. Swearingen, Cyclopedia of the Law of Private Corporations, § 63 at 601, note 235. As stated in another treatise:
A quasi-public corporation must be private in ownership. It must enjoy privileges not bestowed upon the general public because of the benefits such a corporation confers to the public. Lastly, a quasi-public corporation must provide a service necessary to the general welfare of the public.
18 Am.Jur.2d Corporations § 31 (1985).
By virtue of the clear provisions of the instant franchise agreement, HCVAS is a quasi-public corporation. The franchise grants to HCVAS, a private corporation, the privilege to provide ambulance service, a service *802 "essential to the health and well-being of all citizens of the state." § 401.211, Fla. Stat. (1995); see also Nazareth v. Herndon Ambulance Serv., Inc., 467 So.2d 1076, 1081 (Fla. 5th DCA 1985). However, that is not the end of the inquiry, as not all quasi-public corporations can be deemed an "other governmental entity" for the purposes of section 440.02(13)(d)(3). The phrase "other governmental entity" is not defined in chapter 440 and no Florida case provides guidance as to how this term should be defined in this context.[2]
In this analysis, we start with the principle that, in interpreting a provision of the 1991 workers' compensation law, where the statute "is susceptible of disparate interpretations, the courts will adopt a construction which is most favorable to the claimant." Schafrath v. Marco Bay Resort, Ltd., 608 So.2d 97, 103 n. 3 (Fla. 1st DCA 1992), quoting Uniweld Products, Inc. v. Lopez, 511 So.2d 758, 760 (Fla. 1st DCA 1987); see also Kerce v. Coca-Cola Company-Foods Division, 389 So.2d 1177 (Fla.1980).[3]
We also note that, in other contexts, the Legislature has defined "governmental entity" or "agency" to include private or quasi-public corporation exercising a governmental function. For example, for the purposes of determining whether the Auditor General may audit a particular entity, the term "governmental entity" is defined broadly in section 11.45, Florida Statutes (1995), as "a state agency, however styled, that independently exercises any type of state or local government function." Further, for the purpose of determining whether a quasi-public corporation contracting with a public body is deemed an "agency" for purposes of the Public Records Law, § 119.011(2), Florida Statutes (1995), or acting "on behalf of" a public body for purposes of the Sunshine Law, article 1, section 24, Florida Constitution, courts have looked to whether the contracting party provides material or services to or for the public body or in place of services provided by the public body. See News and Sun-Sentinel, Co. v. Schwab, Twitty & Hanser Architectural Group, Inc., 596 So.2d 1029 (Fla.1992); News-Journal Corp. v. Memorial Hospital-West Volusia, Inc., 695 So.2d 418 (Fla. 5th DCA 1997); Schwartzman v. Merritt Island Volunteer Fire Dep't, 352 So.2d 1230 (Fla. 4th DCA 1977)(volunteer fire department held to be an "agency" under Public Records Act); see also Potter v. Bethesda Fire Dep't, Inc., 309 Md. 347, 524 A.2d 61 (1987). In Schwab, the supreme court set forth nine non-exclusive factors to apply in a "totality of factors" analysis of when a private entity is a public agency under the Public Records Act, as follows:
1) The level of public funding; 2) commingling of funds; 3) whether the activity was conducted on publicly owned property; 4) whether services contracted for are an integral part of the public agency's chosen decision-making process; 5) whether the private entity is performing a governmental function or a function which the public agency otherwise would perform; 6) the extent of the public agency's involvement with, regulation of, or control over the private entity; 7) whether the private entity was created by the public agency; 8) whether the public agency has a substantial financial interest in the private entity; and 9) for who's benefit the private entity is functioning. *803 Schwab, 596 So.2d at 1031 (citations omitted). In Potter, the Maryland Court of Appeal applied similar factors in considering whether the Bethesda Fire Department, which provided fire and rescue services, was a quasi-public corporation of a governmental nature. Potter, 524 A.2d at 67-70.
We recognize that under section 440.02(13)(d)(3), a volunteer of a non-profit agency is generally not provided coverage as an "employee" under the workers' compensation law. Nevertheless, because the meaning of the term "other governmental entity" is unclear in the context of this statute, in interpreting this statute, we construe its meaning in a manner most favorable to the claimant. Schafrath, 608 So.2d at 109, n. 3. As a result, we read the Legislature's use of the broad term "other governmental entity" in section 440.13(d)(3) as providing workers' compensation coverage to volunteers of quasi-public corporations which, under contract with a public body, perform services that are traditionally performed by government. When a JCC determines whether a particular quasi-public corporation should be deemed an "other governmental entity" for the purposes of this statute, the type of factors discussed in Schwab and Potter should be considered.
Because the JCC below erroneously dismissed the instant claim for lack of subject matter jurisdiction, the JCC did not have the opportunity to weigh the record evidence to determine whether under the facts of this case HCVAS should be deemed an "other governmental entity" under section 440.13(d)(3). Accordingly, the cause is remanded to the JCC for further fact-finding proceedings, including the taking of additional evidence in the discretion of the JCC.
REVERSED and REMANDED for further proceedings consistent with this opinion.
ERVIN and BOOTH, JJ., concur.
NOTES
[1] Section 440.02(13)(d)3. excludes from the definition of an employee under the Workers' Compensation Act "[a] volunteer, except a volunteer worker for the state or a county, city, or other governmental entity ..."
[2] We have not overlooked Baxter v. Hog Valley Volunteer Fire Dep't, 669 So.2d 285 (Fla. 5th DCA 1996). The Baxter court did not address the question of whether the Hog Valley Fire Department constituted a quasi-public corporation which was acting as a governmental entity.
[3] Section 440.015, Florida Statutes (1991), provides that "the Legislature hereby declares that disputes concerning the facts in workers' compensation cases are not to be given a broad liberal construction in favor of the employee on one hand or the employer on the other hand." (emphasis added). We have distinguished this rule applicable to the weighing of evidence from the rule of statutory construction applied here. Schafrath v. Marco Bay Resort, Ltd., 608 So.2d 97, 103 n. 3 (Fla. 1st DCA 1992). The 1994 amendments to the workers' compensation law specifically modified the rule of statutory construction applied under the law governing the instant case. See § 440.015, Fla. Stat. (1994 Supp.)("[T]he laws pertaining to workers' compensation are to be construed in accordance with the basic principles of statutory construction and not liberally in favor of either employee or employer.").